# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA M. McCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 4628 |
| v. ) | |
| ) | Judge John W. Darrah |
| IOVINO BOERSMA ENTERPRISES, INC., an ) | |
| Illinois corporation; JEAN IOVINO; ) | |
| BARBARA BOERSMA; CONNIE POWERS; ) | |
| ARMIN HAMIDI; CRAIG DANNENBRINK; ) | |
| SARAH ENKE; and MERIDIAN TRAVEL SERV., ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In June 2004, Plaintiff filed suit against Defendants in the Circuit Court of Cook County. The Complaint was prepared and signed by James G. McConnell. In July 2004, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446. Subsequently, Defendants learned that James G. McConnell was not authorized to practice law in Illinois because he had failed to register and pay his registration fee as required by Illinois Supreme Court Rule 756. Following receipt of the instant motion, Plaintiff's counsel paid his registration fee and is currently authorized to practice law in Illinois.

Illinois Supreme Court Rule 756 requires attorneys admitted to practice law in Illinois to register and pay an annual registration fee on or before the first day of January. Ill. Sup. Ct. R. 756(a). If an attorney fails to register and pay the annual fee, his name is removed from the master roll of attorneys. Any person whose name is not listed on the master roll and who practices law or holds himself out to be an attorney "is engaged in the unauthorized practice of law and may also be held in contempt of court." Ill. Sup. Ct. R. 756(e).

Generally, a pleading signed by a person not licensed to practice law in Illinois is a nullity; and such action should be dismissed. *See People v. Dunson*, 316 Ill. App. 3d 760, 764 (2000); *Blue v. Illinois*, 223 Ill. App. 3d 594, 596 (1992); *Fruin v. Northwestern Med. Faculty Foundation, Inc.*, 194 Ill. App. 3d 1061, 1063 (1990). Furthermore, even if an attorney eventually pays his dues and penalties and is reinstated to the bar, "nothing [the Seventh Circuit] could find in Illinois law makes the reinstatement retroactive." *Reese v. Peters*, 926 F.2d 668, 669 (7th Cir. 1991) (*Reese*).

The general rule of dismissal applies if a party receives legal services from a law firm that was without authorization to practice law and in violation of Illinois Supreme Court Rule and the opposing party disputes the services of that firm. *See Ford Motor Credit Co. v. Sperry*, 344 Ill. App. 3d 1068, 1071-1072 (2003) (*Ford Credit*). In *Ford Credit*, the court held that a law firm's fee award against the opposing party was void because the law firm had failed to register pursuant to applicable Illinois Supreme Court Rule. *See Ford Credit*, 344 Ill. App. 3d at 1070. However, a party to a contract with a law firm that has failed to register and/or pay applicable fees pursuant to Illinois Supreme Court Rule cannot have an otherwise valid contract declared void without demonstrating that he or she was harmed by the law firm's violation. *See Storto v. Becker*, 341 Ill. App. 3d 337, 342 (2003) (*Storto*). As applied to criminal proceedings, an attorney's failure to timely pay annual dues does not, by itself, constitute a violation of the Sixth Amendment right to counsel or *per se* ineffective assistance of counsel. *See Reese*, 926 F.2d at 669-670; *Illinois v. Brigham*, 151 Ill. 2d 58, 63-64 (1992); *Illinois v. Elvart*, 189 Ill. App. 3d 524, 529 (1989).

In the instant case, Plaintiff does not dispute that her counsel was not registered and that he had not paid the applicable fee pursuant to Illinois Supreme Court Rule 756. Plaintiff argues that because her counsel has paid his fees and any penalties and is now authorized to practice, her Complaint should not be dismissed. Plaintiff cites to the cases deciding issues relating to effective assistance of counsel in criminal proceedings and *Storto* in support of her argument. However, the instant case is distinguishable. The present case does not involve the question of effective assistance of counsel and the Sixth Amendment right to counsel. Furthermore, in *Storto*, a party to a contract with a law firm that was unauthorized to practice law sought to void her otherwise valid contract with that law firm. The client in *Storto* received the benefit of legal services from the law firm and then attempted to use the law firm's violation of Illinois Supreme Court Rule 721 to excuse *herself* from paying for the services. Without demonstrating that she was harmed by the law firm's failure to register, she would not be excused from her contractual duties. *See Storto*, 344 Ill. App. 3d at 342. Here, the Defendants have not received any benefit from Plaintiff's counsel. Accordingly, *Storto* is distinguishable.

Like the plaintiff in *Ford Credit*, plaintiff's attorney performed legal services without authorization and in violation of the law. The general rule of dismissal applies under these facts. *See Ford Credit*, 344 Ill. App. 3d at 1072.

Based on the above, Defendants' Motion to Dismiss for the Unauthorized Practice of Law is granted.

Dated: February 23, 2005

JOHN W. DARRAH
United States District Judge