# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINDA M. McCONNELL,                )
                                   )
        Plaintiff,                 )
                                   )
                                   )     **No. 04 C 4628**
        v.                         )
                                   )     **Judge John W. Darrah**
IOVINO BOERSMA ENTERPRISES, INC., an  )
Illinois corporation; JEAN IOVINO;    )
BARBARA BOERSMA; CONNIE POWERS;       )
ARMIN HAMIDI; CRAIG DANNENBRINK;      )
SARAH ENKE; and MERIDIAN TRAVEL SERV.,)
an Illinois corporation,              )
                                   )
        Defendants.                )

## MEMORANDUM OPINION AND ORDER

In June 2004, Plaintiff filed suit against Defendants in the Circuit Court of Cook County.
The Complaint was prepared and signed by James G. McConnell. In July 2004, Defendants
removed the action to this Court, pursuant to 28 U.S.C. § 1446. Subsequently, Defendants
moved to dismiss Plaintiff's suit when it was learned that James G. McConnell was not
authorized to practice law in Illinois because he had failed to register and pay his registration fee,
as required by Illinois Supreme Court Rule 756. Defendants' motion was granted, and the suit
was dismissed.

Presently pending before the Court is: (1) Plaintiff's Motion to Reconsider and Clarify,
(2) Defendants' Motion to Tax Attorney Fees, (3) Defendants' Motion for Sanctions,
(4) Plaintiff's Motion for Sanctions, and (5) Defendants' Motion to Tax Costs.

### Plaintiff's Motion to Reconsider and Clarify

Motions for reconsideration serve a limited function of correcting manifest errors of law
or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove*

*v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff argues that the Court should reconsider its previous ruling because the Illinois Supreme Court reversed the Court's "sole precedent" – *See Ford Motor Credit Co. v. Sperry*, 344 Ill. App. 3d 1068, 1071-1072 (2003), reversed *Ford Motor Credit Co. v. Sperry*, ___ Ill. 2d ___, 2005 WL 674675 (Ill. March 24, 2005) (*Ford Credit*).

Plaintiff mistakenly contends that *Ford Credit* was the only case relied upon by the Court. Furthermore, while the Illinois Supreme Court did reverse the *Ford Credit* decision cited by the Court, the Illinois Supreme Court's reversal of that decision does not mandate the reversal of the Court's previous decision.

In *Ford Credit*, the issue before the court was whether a judgment that was obtained by a duly licensed attorney who worked for a corporation that had failed to register as required by Ill. Sup. Ct. Rule 721(c) was null and void *ab initio*. *See Ford Credit*, ___ Ill. 2d. at ___, 2005 WL 674675 at * 1. The court held that a duly licensed attorney who is a member of a firm that lacks Rule 721(c) registration does not, by virtue of the unregistered nature of the firm, engage in the unauthorized practice of law. *See Ford Credit*, ___ Ill. 2d. at ___, 2005 WL 674675 at * 9.

The issue before the court in *Ford Credit* is readily distinguishable to the instant case. The attorney in *Ford Credit* was a duly licensed attorney employed by a firm that had not registered as required by Rule 721(c). Here, dismissal is not based on Rule 721(c) but on Rule 756, which pertains to the registration and regulation of actual persons who practice law in order to protect the public. Unlike Rule 721(c), Rule 756 specifically provides that if an attorney fails to register and pay the annual fee, his name is removed from the master roll of attorneys. Any person whose name is not listed on the master roll and who practices law or holds himself out to be an attorney "is engaged in the unauthorized practice of law and may also be held in contempt of court." Ill. Sup. Ct. R. 756(e). Accordingly, Plaintiff's Motion to Reconsider is denied.

Plaintiff also seeks to clarify whether the Court's previous order was a judgment on the merits or whether Plaintiff may refile her Complaint. The Court's previous Memorandum Opinion and Order dismissed Plaintiff's Complaint as a nullity. Accordingly, the dismissal did not constitute a judgment on the merits. Furthermore, the previous Memorandum Opinion and Order does not state that Plaintiff could not refile her Complaint. Defendants argue that Plaintiff should not be able to refile her Complaint because doing so would constitute impermissible claim splitting. Defendants' argument goes to the merits of a prospective complaint that is not presently before the Court and is premature.

### Defendants' Motion to Tax Attorney Fees and Motion for Sanctions

On May 28, 2004, Plaintiff filed a two-count Complaint in federal court, alleging a violation and conspiracy to violate the Racketeer Influenced and Corrupt Organization Act (04 C 3705). On June 7, 2004, Plaintiff filed a complaint in state court against the same defendants as in 04 C 3705 and two additional defendants. The state complaint alleged fraud

3

and conspiracy to commit fraud, generally reciting the same allegations contained in 04 C 3705. Subsequently, the state action was removed to federal court (04 C 4628).

Defendants seeks sanctions, including attorney's fees, against Plaintiff for alleged violations of Federal Rule of Civil Procedure 11(b).

Sanctions may be awarded if a pleading or motion is presented for an improper purpose, such as: (1) to harass or increase the costs of litigation; (2) if the claims, defenses, and other legal contentions are not warranted by existing law or by a frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or (3) if the allegations and other factual contentions have no evidentiary support. *See* Fed. R. Civ. P. 11(b)(1), (2), (3). Sanctions pursuant to Rule 11 are at the court's discretion and "are to be imposed sparingly." *Hartmarx Corp. v. Abbound*, 326 F.3d 862, 867 (7th Cir. 2003).

Defendants argue that the state court action was filed and presented for the improper purpose of harassing the Defendants and to needlessly increase the cost of litigation. Furthermore, there is no evidentiary support for the claims found in the state court action. Plaintiff counters that, as evidenced by correspondence with Defendants' attorneys regarding possible sanctions, the state court action was separately filed in state court because there is ample case authority against the federal court's exercise of discretionary supplemental jurisdiction over state law claims. And, rather than file in federal court where subject matter was discretionary and doubtful, Plaintiff chose to file the state law claims in state court. Furthermore, the Complaint alleged sufficient facts demonstrating evidentiary support for the allegations contained in the state action - including written admissions by some of the Defendants.

4

A review of Plaintiff's Complaints, the parties' briefs, and correspondence between the parties regarding possible sanctions fails to demonstrate that Plaintiff filed the state court action for the improper purpose of harassing the Defendants and to needlessly increase the cost of litigation. Accordingly, Defendants' Motion to Tax Attorney Fees and Motion for Sanctions are denied.

## Plaintiff's Motion for Sanctions

Plaintiff also moves for sanctions pursuant to Rule 11, arguing that Defendants' Motion for Sanctions violated Rule 11 because the legal contentions were not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. In support of her argument, Plaintiff first contends that Defendants could not bring a motion for Rule 11 sanctions based on a complaint that was removed from state court. However, sanctions pursuant to Rule 11 can be imposed on a removed suit if the party opposes the dismissal of a frivolous suit first filed in state court and later challenged in federal court. *See Bisciglia v. Kenosha Unified Sch. Dist. No.1*, 45 F.3d 223, 227 (7th Cir. 1995).

Plaintiff also argues that sanctions should be imposed because Defendants' motion was untimely. Although Defendants' motion was not filed until after the case was dismissed, a review of the contentious history of pleadings in the case fails to demonstrate that the timing of Defendants' motion constitutes sanctionable conduct. Accordingly, Plaintiff's Motion for Sanctions is denied.

## Defendants' Motion to Tax Costs

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Recoverable costs pursuant to Rule 54(d) are set forth in 28 U.S.C. § 1920 and include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

Defendants seek $520.00 in fees to the clerk's office in both federal and state court. These fees are recoverable. *See* 28 U.S.C. § 1920(1). Defendants seek $874.69 in computerized research costs. Reasonable fees for computer assisted research are recoverable. *See Harman v. Lymphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991). The computer research costs are reasonable and are awarded.

Defendants initially sought $344.80 in photocopy costs. In their reply brief, Defendants concede that $198.00 of the photocopying costs are not recoverable because they were made for the convenience of counsel. Defendants still seek $146.80 in the remaining photocopying costs. However, Defendants failed to provide documentation indicating the number of pages and copies made and the cost per page for each copy. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000). Accordingly, Defendants' photocopying costs are denied.

Defendants seek $92.40 in transcription costs of a hearing before Judge Norgle which, Defendants argue, was needed to defend against Plaintiff's Motion for Default Judgment and in

the preparation of Defendants' Motion for Leave to File a Motion to Strike. The transcript was necessarily obtained for use in the case, and the cost is awarded.

Lastly, Defendants seek $40.00 in courier costs. While the court may, in its discretion, award incidental costs, including delivery charges, *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), postage or delivery costs are considered ordinary business expenses and are not generally recoverable. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002). Accordingly, Defendants' courier cost is denied.

Based on the above, Defendants' Motion to Tax Costs is granted in part and denied in part. Defendants are awarded $1,487.09 in costs.

For the foregoing reasons, Plaintiff's Motion to Reconsider is denied, Plaintiff's Motion to Clarify is granted, Defendants' Motion to Tax Attorney Fee is denied, Defendants' Motion for Sanctions is denied, Plaintiff's Motion for Sanctions is denied, and Defendants' Motion to Tax Costs is granted in part and denied in part. Defendants are awarded $1,487.09 in costs.

Furthermore, in light of the voluminous and contentious motion practice in this case and its related case (14 motions have been filed in 04 C 4628 and 24 motions have been filed in 04 C 3705), no future motions may be filed without leave of court. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000) (district courts have considerable discretion to control their dockets).

Dated: June 23, 2005

JOHN W. DARRAH
United States District Judge